David Y. Loh (DL 0460)
COZEN O'CONNOR
45 Broadway Atrium 16th Floor
New York, New York 10006
Tel: (212) 509-9400
Fax: (212) 509-9492
Email: dloh@cozen.com

Attorneys for Defendant
TURKISH AIRLINES, INC.



'08 CIV 6571



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
     :
ST. PAUL FIRE AND MARINE    :  Civil Action No. 39975/08
INSURANCE COMPANY as    :
subrogee of VINTAGE RUGS, INC.,    :  **NOTICE OF REMOVAL**
and VINTAGE RUGS, INC.;    :
    :
    Plaintiffs,    :
vs.    :
    :
TURKISH AIRLINES, INC.;    :
    :
    Defendant.    :
------------------------------------------------------X

       Defendant TURKISH AIRLINES, INC. (hereinafter referred to as "TA"), by its attorneys COZEN O'CONNOR, respectfully files this Notice of Removal pursuant to 29 U.S.C. Sec. 1441(a), and in support thereof states the following:

1. On or about June 23, 2008, plaintiffs ST. PAUL FIRE AND MARINE INSURANCE COMPANY as subrogee of VINTAGE RUGS, INC. and VINTAGE RUGS, INC. commenced an action against defendant TURKISH AIRLINES, INC. by filing a Summons with Notice in the Civil Court of the City of New York, County of New York, Index No. 2008/039975 (the "State Court Action").

2. In the State Court action, plaintiff has sued defendants alleging breach of one (1) contract of carriage, master air waybill No. 235-5536 7546 dated September 10, 2007, for damages arising from the non-delivery of one (1) parcel of wool rugs traveling from Istanbul, Turkey to JFK International Airport, Jamaica, New York.

3. In the State Court Action, plaintiff has also alleged causes of action for negligence and willful misconduct against TA.

4. Plaintiff further alleges that the cargo was lost at some point prior to delivery to the named consignee in New York.

5. The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, Treaty Doc. No. 106-45, at 27 (2000), 2242 U.N.T.S. 350 (hereinafter referred to as the "Montreal Convention") (and is the successor to the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) also known as the "Warsaw Convention") governs the duties and responsibility of the parties in this matter.

6. On or about June 27, 2008, TA first received, by service or otherwise, a copy of the Summons with Notice that was filed in the State Court Action. Specifically, said Summons with Notice was served upon the Secretary of State on June 27, 2008 pursuant to Section 306 of the Business Corporation Law.

7. A true and correct copy of the Summons with Notice is annexed hereto as Exhibit "A," and constitutes all process, pleadings, and orders served upon TA in the State Court Action.

8. Annexed hereto as Exhibit "B" is a true and correct copy of a letter dated June 27, 2008 from State of New York, Department of State, Division of Corporation and constitutes confirmation of the date of service upon TA.

9. The Southern District of New York embraces the place where the State Court Action is pending.

10. This Notice of Removal is being filed with this Court within thirty (30) days after TA first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based.

11. Upon information and belief, plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY is organized under the laws of Minnesota with a principal place of business located at c/o Travelers, 1200 American Road, Morris Plains, NJ 07950.

12. Upon information and belief, plaintiff's subrogor, Vintage Rugs, Inc. is organized under the laws of New York with a principal place of business located at 8 East 30th Street, New York, NY 10016.

13. Defendant TURKISH AIRLINES, INC. is a foreign corporation organized under the laws of Turkey with a principal place of business located at 1400 Old Country Road, Suite 304, Westbury, New York 11590.

14. This action is an international aviation cargo dispute which is governed by the Montreal Convention. Both the United States and Turkey are signatories to the Montreal Convention.

15. Since the district courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331.

16. TA, upon filing of this Notice of Removal, will, as required by 28 U.S.C. Sec. 1446(d), file a copy of the Notice of Removal with the Clerk of the Civil Court of the City of New York, County of New York, and will serve a copy of same upon plaintiff.

17. In filing this Notice of Removal, TA does not waive any defense, limitation, warranty or exception.

WHEREFORE, defendant TURKISH AIRLINES, INC. respectfully submits that this Notice of Removal complies with the statutory requirements and respectfully requests that the action now pending against it be removed from the Civil Court of the City of New York, County of New York to this Court, that this action proceed in this Court as a properly removed action, and that defendant TURKISH AIRLINES, INC. has such other and further relief as justice requires.

Dated: New York, New York
July 23, 2008

Respectfully submitted,

COZEN O'CONNOR
Attorneys for Defendant
TURKISH AIRLINES, INC.

By: _____
David Y. Loh  (DL 0460)
45 Broadway Atrium, 16th Floor
New York, New York  10006-3792
Tel.: (212) 509-9400
Fax: (212) 509-9492
Email: dloh@cozen.com

NEWYORK_DOWNTOWN\391891\1  099994.000

# EXHIBIT A



B 268—Summons: Civil Court: endorsed summons or annexed complaint.
Uniform Rules. 22 NYCRR 208.6(b). 8-88
3040

JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

FILE COPY

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF NEW YORK

ST PAUL FIRE AND MARINE INSURANCE
COMPANY as subrogee of VINTAGE RUGS INC.,
And VINTAGE RUGS INC.,

Plaintiff(s)

against

TURKISH AIRLINES, INC.,

Defendant(s)

Index No.

Summons    039975/2008

Plaintiff's Residence   Vintage Rugs
Address:   8 E. 30th Street
           New York, NY 10016

The basis of the venue designated is:
Plaintiff's residence

To the above named defendant(s)

**You are hereby summoned** to appear in the Civil Court of the City of New York, County of New York at the office of the said Court at 111 Centre STreet in the County of New York City and State of New York, within the time provided by law as noted below and to file your answer to the—endorsed summons—annexed complaint*—with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 25,000.00 with interest thereon from the 10th day of September 20 07 together with the costs of this action.

Dated, June 19, 2008

Defendant's Address:

c/o Secretary of State of New York

AGUS & PARTNERS, P.C.
Attorney(s) for Plaintiff

Post Office Address and Telephone Number
28 West 44th Street, Suite 214
New York, New York 10036
(212) 376-5757

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or
(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.
* If the cause of action is for money only and a formal complaint is not attached to the summons, strike the words "annexed complaint". If a formal complaint is attached to the summons, strike the words "endorsed summons".

ENDORSED COMPLAINT
A statement of the nature and substance of the plaintiff's cause of action is as follows:

1. Breach of contract of common carriage and bailment in connection with a shipment by air of wool carpets from Istanbul, Turkey to New York under Air Waybill 235 5536 7546 dated September 10, 2007 which defendant accepted and agreed to transport but failed to deliver, to plaintiff's/plaintiff's subrogor's loss in the sum of $25,000.00 as nearly as may now be determined, none of which has been paid though demanded.
2. Negligence as per No. 1 above.
3. Willful misconduct on the part of defendant as per No. 1 above.

FILED
JUN 2 3 2008
NEW YORK COUNTY
CIVIL COURT

AGUS & PARTNERS, P.C.
Attorneys for Plaintiff
By: _____
Stephen A. Agus, Esq.

Attorney(s) for Plaintiff(s)

STATE OF NEW YORK, COUNTY OF                    SS:    The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at

That on                    19        at        M., at

deponent served the within summons, *and complaint* on                                     defendant therein named,

**INDIVIDUAL** by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said
1. ☐ defendant therein.

**CORPORATION** a                    corporation, by delivering thereat a true copy *of each* to
2. ☐ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual
to be                    thereof.

**SUITABLE AGE PERSON** by delivering thereat a true copy *of each* to                                     a person of suitable
3. ☐ age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.** by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode
4. ☐ —within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's
5A. ☐ last known residence, at
and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at
5B. ☐ defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, or 3**
☐
| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

Sworn to before me on                    19

_____
Print name beneath signature

LICENSE NO. _____

---

*Index No.*
Civil Court of the City of New York
County of New York

St Paul Fire and Marine Insurance Company as subrogee of Vintage Rugs Inc., and Vintage Rugs Inc.
*Plaintiff(s)*

against

Turkish Airlines, Inc.
*Defendant(s)*

**Summons**
Action not based upon a Consumer Credit Transaction

AGUS & PARTNERS, P.C.
*Attorney(s) for Plaintiff(s)*
Post Office Address
28 West 44th Street, Suite 214
New York, New York 10036
(212) 376-5757

2008062700023

# EXHIBIT B

State of New York - Department of State
Division of Corporations

Party Served:
TURKISH AIRLINES, INC.

Plaintiff/Petitioner:
ST PAUL FIRE AND MARINE
INSURANCE COMPANY

ROBINSON SILVERMAN
ATTN: ANDREW L. ODELL, ESQ.
1290 AVENUE OF AMERICAS 30 FL
NEW YORK, NY 10104

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/27/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

David Y. Loh (DL 0460)
COZEN O'CONNOR
45 Broadway Atrium 16th Floor
New York, New York 10006
Tel: (212) 509-9400
Fax: (212) 509-9492
Email: dloh@cozen.com
Attorneys for Defendant
TURKISH AIRLINES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ST. PAUL FIRE AND MARINE        :   Civil Action No. 08-cv-6571
INSURANCE COMPANY as            :
subrogee of VINTAGE RUGS, INC., :
and VINTAGE RUGS, INC.;         :
            Plaintiffs,         :
    vs.                         :
TURKISH AIRLINES, INC.;         :
            Defendant.          :
------------------------------------------------------X

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Esther Goldschlager, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in New York, New York. On July 24, 2008, I served the within **Notice of Removal** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following counsel at the addresses set forth below:

   Stephen A. Agus, Esq.
   Attorney for Plaintiffs
   28 West 44th Street, Suite 214
   New York, New York 10036

                                              _____
Sworn to before me this 24th day                    Esther Goldschlager
of July, 2008.

_____
Notary Public

**CHRISTOPHER RALEIGH**
Notary Public, State of New York
No. 02RA4800776
Qualified in New York County
Commission Expires August 10, 2010